

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-90,993-02

## EX PARTE DEMICO STANLEY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. F-15-1131-16-WHC2 IN THE 16TH DISTRICT COURT
### FROM DENTON COUNTY

*Per curiam*.

## O R D E R

The State charged Applicant with capital murder. A jury convicted him of murder and assessed a seventy-five year prison sentence. Applicant, through habeas counsel, filed this application for a writ of habeas corpus in the county of conviction. The district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant argues he received ineffective assistance of counsel for, among other things, trial counsel's failure to investigate and present mitigation evidence at punishment, particularly Applicant's history of mental illness and trauma. *Strickland v. Washington*, 466 U.S. 668 (1984). Trial counsel has provided a response, and the trial court has entered findings and recommends denying habeas relief. It appears to this Court that, at the time trial counsel filed her response,

Applicant had not yet attached all his mental health medical records as exhibits to his habeas application because trial counsel's response and the trial court's findings did not address the exhibits. The first exhibit contains records from Applicant's three-day stay at Green Oaks Hospital in April 2009 when he was sixteen years old. The second exhibit is a psychiatric examination report prepared by a medical doctor who evaluated Applicant when he was sixteen years old.

The habeas record should be developed, and the trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). The trial court shall order trial counsel to respond as to whether she discovered these records in the course of her punishment-evidence investigation. If not, trial counsel shall explain why; if so, trial counsel shall explain why she did not utilize the records in mitigation of punishment.

The trial court shall make findings of fact and conclusions of law: (1) as to whether trial counsel's performance regarding the presentation of mitigation evidence at punishment was deficient; and (2) whether the jury's punishment assessment lacks confidence because it was not aware of Applicant's complete history of mental illness and trauma. The trial court may make any other findings and conclusions that it deems appropriate.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: April 21, 2021
Do not publish